On the Merits.
The opinion of the court was delivered by
Manning, O. J.
This suit is to have decreed the nullity of. a judgment, obtained by J. E. Irvine against the plaintiff, and to restrain its enforcement by fieri facias, to accomplish which an injunction was obtained. The plaintiff is married, is separate in property from her husband, and alleges as causes of nullity that the debt, for which the judgment was rendered, was solely a debt of her husband, and that it was rendered without service of citation upon her.
The answer pleads the general issue, and discloses the want of interest of Irvine in the judgment because of its transfer through another *1024 party to Flash, Lewis & Co. its present owners, who intervene and •defend.
It is excepted by the intervenors that Mrs. Bowman can not nowr ‘injoin the collection of a judgment for matters which she could have opposed to the demand in the original suit, a general proposition, the soundness of which is incontestable. It is however subject to some modification, as in the cases where the party sued was under an incapacity to contract. Hence a judgment against a married woman upon -two notes, executed by her husbaDd, and by herself as his surety, was held open to assault by means of an injunction, although she had failed to make that defence to the suit upon them, because the judgment, quoad the wife, was null, being upon obligations in fraudem legis, which •she was incapacitated to make. Medart v. Fasnatch, 15 Annual, 651. And that principle has been carried so far that the wife is permitted to sue to annul, and to injoin the enforcement of a judgment which she had confessed. Baines v. Burbridge, Idem, 628.
It was also objected that Mrs. Bowman appealed the original judgment, and failed to prosecute her appeal, and therefore she is now estopped from contesting its legality. But if she can contest the legality of a judgment she has solemnly confessed, how much more can she contest one which she disputed, and particularly when the failure to •prosecute the appeal was owing to marital influence. Bisland v. Provosty, 14 Annual, 169. She testifies that she signed the appeal bond for the purpose of prosecuting her appeal, and never instructed her atfcor- • ney to desist.
The proof is very complete that the debt was the husband’s. Irvine was a factor in New Orleans, and kept his-account for advances ;and supplies, against the husband, or ‘in his name as a courtesy,’ as he says, and this account was the basis of the judgment. It does not matter what words or name were written at the heading of the factor’s books, so far as fixing liability goes. He could not make her liable by merely keeping the account against her, and she could not avoid liability, if it was kept in the husband’s name, if in fact she was legally •chargeable.
But it is manifest that Mrs. Bowman was not thought of until it was apparent that a suit was looming in the near future. The account -was opened in 1869 against the husband and was continuous to 1874, with ■such charges as payments of ‘your draft,’ the draft being the husband’s, and statements of account, invoices, etc. were made to him alone. The bookkeeper says; — the whole account was kept and made out in the name of Mr. Bowman, and the items, ‘ by your draft,’ mean the draft of Mr. B. The account was afterwards changed to the name of Mrs. Bowman, after the transactions were closed, with the view of bringing the *1025 ■■suit as he supposed. The change was made just previous to bringing -the suit, by order of Mr. Irvine.
Nothing is better settled than that the debt must be shewn affirmatively to have enured to her benefit, when a party is seeking to enforce it against a wife, and she alleges that it is her husband’s debt alone, and the fact that she is separated in property from him does not change the •nature of the proof required, nor shift the burthen of proof from him who seeks to make her liable upon her who is attempting to escape liability. Erwin v. M’Calop, 5 Annual, 173. Lee v. Cameron, 14 Annual, 700. Even if the wife executes a mortgage under the authorization of the judge, the authority being for a specified sum and an expressed purpose, and the mortgage is for a different sum, and for the purpose ■expressed but- also for an additional and previously unexpressed purpose, any one Seeking to enforce the mortgage upon the wife’s separate property must prove aliunde that the debt, secured by.the mortgage, has enured to the wife’s separate benefit, even though the debt is evidenced by a negotiable note, and its holder is the party enforcing its payment. Conrad v. Leblanc, 29 Annual, 123.
The proof not only fails to fix liability on Mrs. Bowman, but she establishes by affirmative testimony that the debt was her husband’s, ■and that nó part of it enured to her separate benefit, or the benefit of her separate estate. The suit is only one more instance, of which the Reports furnish many, where parties, having goods to sell or money to lend, and seeing a fair chance of profit, deliver their merchandize or ■■send their funds with unsuspecting confidence to a man who has nothing with which to satisfy a judgment, but whose wife is mistress of the household treasury, and delude themselves with the fallacious hope that she will requite their complaisance by taking care that no harm «omes to them.
There is not, and there never has been, any doubt about the law governing a married woman’s liability. The courts have never wavered in applying it, and if parties will persist in ignoring what has been long •settled through repeated adjudications, they Inust bear with equanimity ■the losses, the risk of which was incurred through rashness.
It is ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and that the plaintiff do now have Judgment perpetuating her injunction, and for the costs of both courts.
DeBlanc, J. I concur in the foregoing decree.